UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**CIVIL ACTION NO. 11-66-JBC**

**RONNIE TIPPETT,**                                                                                  **PLAINTIFF,**

**V.**                   **MEMORANDUM OPINION & ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                       **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on cross-motions for summary judgment on Ronnie Tippett's appeal of the Commissioner's denial of his application for Disability Insurance and Supplemental Security Income Benefits. R. 10, 11. The court will grant the Commissioner's motion and deny Tippett's motion because substantial evidence supports the administrative decision.

Tippett filed an application for supplemental security income on September 27, 2007, in which he alleged that his disability began on January 6, 1996. AR 20. Tippett's claim was denied both initially on January 24, 2008, and upon reconsideration on May 6, 2008. AR 20. Tippett then filed a written request for a hearing on June 26, 2008. AR 20. He was granted a hearing, at which he appeared with counsel, Johnnie Turner. AR 43. During the hearing, Tippett testified that he had an 11th grade education and was able to read. AR 46-47. He also testified that his last job was cutting grass in 1994. AR 48. Tippett claimed

1

that his disability stemmed from chronic back pain resulting from a history of compression fractures that impaired his movement, chronic shoulder pain, seizures dating back to 1996, psychological problems consisting of depression and anxiety, and alcohol abuse. AR 22, 49-75. Administrative Law Judge Frank Letchworth determined that Tippett was not disabled and issued an unfavorable decision. AR 17, 30.

In determining whether Tippett was disabled and thus entitled to Supplemental Security Income, the ALJ followed the proper five-step sequential evaluation process required by 20 CFR 404.1520. AR 21-22. At step one, the ALJ determined that Tippett has not engaged in a substantial gainful activity since September 27, 2007. AR 22. At step two, the ALJ determined that Tippett had combined severe impairments of chronic back pain, with his history of T8-9 and T4 compression fractures, a history of right shoulder dislocation, and a history of alcohol abuse and substance-induced mood disorder. AR 22. At step three, the ALJ found that Tippett's impairments, or any combination of impairments, did not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926). AR 25. At step four, the ALJ found that Tippett had the residual functional capacity to perform light work defined in 20 CFR 416.967(b), with limitations such as climbing ladders, ropes or scaffolds, making overhead motions, or working in high-stress environments, or working in production-rate or quota-type jobs. AR 27. At the final step of the evaluation, the ALJ determined that jobs exist in significant numbers in the national

economy that Tippett could perform. AR 29. The ALJ denied Tippett's claim for benefits on September 14, 2009. AR 17, 20. Tippett filed a request for an appeal, which was denied on January 11, 2011, and he has now commenced this action. AR. 1-5, 11.

Tippett challenges the ALJ's ruling on the following grounds: (1) the ALJ erred by not considering all of the evidence that was submitted; (2) the ALJ erred by not properly considering his complaints of pain; and (3) the ALJ erred by finding that he can perform jobs that exist in the national economy.

**A. Consideration of Evidence**

Tippett's argument that the ALJ did not consider all of the submitted evidence fails. Tippett argues the existence of many factors that suggest the ALJ's decision did not take into account all of the evidence submitted, but he does not discuss any of these alleged factors or his reasons for believing that the ALJ did not consider all the evidence. He also does not mention any individual items of evidence in the record that he believes the ALJ should have considered and did not. Because Tippett fails to develop this argument, essentially leaving the court to make the argument for him, the issue is waived. It is insufficient for a party to mention an argument in the most skeletal manner, leaving the court to place flesh upon its bones. *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997); *United States v. Hayter Oil Co.*, 51 F.3d 1265, 1269 (6th Cir. 1995).

Even if Tippett's argument was not waived for lack of support, it would fail on its merits. First, an ALJ is not required to mention every piece of evidence in his or

her opinion in order to be deemed as having considered the record as a whole. *See Loral Defense Systems-Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999). Second, the ALJ does indicate in his opinion specific items of evidence that spoke directly to Tippett's alleged impairments. For example, at the second step of the analysis the ALJ indicates that he considered Tippett's testimony, Tippett's orthopedic treatment with Dr. Ronald Dubin, hospital records, a consultative examination with Dr. Barry Burchett, Clover Fork Clinic records, Comprehensive Care records including the Global Assessment of Functioning, a psychological evaluation conducted by Dr. Barbara Bellew and Heather Roark, and another orthopedic evaluation by Dr. David Muffly. AR 22-25. No evidence suggests that the ALJ neglected to consider Tippett's medical history or any submitted evidence. Last, the ALJ states on numerous occasions that he considered the record as a whole. AR 20, 22, 27 & 29.

**B. Proper Consideration of Pain Complaints**

Tippett also argues that the ALJ erred by not properly considering his "substantiated" complaints of pain; however, Tippett's brief is totally devoid of any evidence or reasoning as to why he feels the ALJ did not consider his complaints of pain. Once again, this court is left to make the argument, and the argument is waived. *See Kelsey*, 125 F.3d at 995-996; *Hayter Oil Co.*, 51 F.3d at 1269.

Examining the merits of the argument, nonetheless, the ALJ did consider in his opinion Tippett's complaints of pain and the medical evidence that supported Tippett's complaints. The ALJ considered Tippett's complaints of pain relating to

his chronic back problems at step two of the sequential analysis. AR 22. The ALJ also considered the objective medical evidence relating to Tippett's chronic back problems and pain in the form of medical reports from Drs. Dubin, Burchett, and Muffly. AR 22-23, 25. Furthermore, the ALJ found favorably for Tippett at step two in the sequential analysis on the grounds that Tippett did in fact suffer from the severe impairment of chronic back pain and a history of right shoulder dislocation. AR 22.

The ALJ ultimately found that Tippett's chronic back and shoulder pain were not substantial enough to prevent him from performing light work. AR 27-28. This holding cannot be overturned unless it is unsupported by substantial evidence, or such relevant evidence as a reasonable mind would accept to support its conclusion. *See Elam ex rel. Golay v. Commissioner of Social Security*, 348 F.3d 124, 125 (6th Cir. 2003); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ's decision is supported by evidence that Tippett did not receive any treatment for his pain except over-the-counter medication. AR 28, 63-64, 68. While Tippett cites financial problems as the reason, the ALJ notes Tippett's testimony as well as doctors' reports that indicate he smokes a pack or two of cigarettes per day and thus has money to spend. AR 68, 306, 56-57.

The ALJ's decision is also supported by the medical evidence of Dr. Burchett, who reported that Tippett did not suffer any neurological deficits such as motor strength or sensory abnormalities related to the thoracic compression fractures. AR 28, 308. Additionally, Dr. Muffley's report did not mention any

neurological deficits. AR 379-381. Finally, the ALJ's decision is supported by the fact that there is no evidence of treatment for complaints of physical symptoms during the two years leading up to the ALJ's decision. AR 24. On January 31, 2008, Tippett visited Clover Fork Clinic with complaints of back pain. AR 335. During this visit, Tippett was diagnosed only with acute muscle strain. AR 335. There is no evidence that Tippett sought further treatment for his pain after this visit, and the evidence of record indicates that he never utilized the prescriptions provided to him for pain relief. AR 24, 335, 63-64, 68.

### C. Jobs in the National Economy

Finally, the ALJ's finding that jobs exist in the national economy that Tippett could perform is supported by substantial evidence. Tippett argues that based upon the ALJ's findings, the medical records, and his own testimony about having to lie down for substantial periods of the day, there are no jobs in the national economy that he can perform. R. 10, p.11-12. But at the last step in the sequential analysis, the ALJ found the contrary, AR 29-30, applying the proper legal standards, *see* 20 CFR 416.912(g) & 416.960(c), and the ALJ's decision can be disturbed only if it is unsupported by substantial evidence. *Elam ex rel. Golay*, 348 F.3d at 125. The ALJ's decision is supported by substantial evidence.

In evaluating whether jobs existed in significant numbers in the national economy, the ALJ questioned a vocational expert at the hearing. AR 76-79. The ALJ's questions accurately reflected the medical evidence of record by taking into account Tippett's various impairments. The ALJ considered Tippett's physical

impairments by asking the expert whether there were jobs with no climbing, no crawling, no operation of motorized equipment, no overhead motions with the right arm, and no standing for more than 30 minutes at a time. AR 76-77. The ALJ also took in account Tippett's mental condition by asking the vocational expert whether there were jobs that, in addition to the physical limitations, were low-stress environments, had no quotas, and gave directions that were simple and object-oriented. AR 77. The vocational expert's testimony –taking these impairments into account – provides substantial evidence for the ALJ's decision that jobs exist in significant numbers in the national economy that Tippett could perform. AR 30, 76-77.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS SO ORDERED** that Tippett's motion for summary judgment, R.10, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R.11, is **GRANTED**.

Signed on January 18, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY